Olga May (SBN 232012)
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-4745
Facsimile:   (858) 678-5099

Attorney for Plaintiff
FFF ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| FFF ENTERPRISES, INC., | Case No. 5:14cv2092 |
| Plaintiff, | **FFF ENTERPRISES, INC.'S COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| ASD SPECIALTY HEALTHCARE, INC., AMERISOURCEBERGEN SPECIALTY GROUP, INC. AND DALE B. DANILEWITZ, | |
| Defendants. | |

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff FFF Enterprises, Inc. ("Plaintiff" or "FFF Enterprises") hereby demands a jury trial and alleges as follows for its Complaint against Defendants ASD Specialty Healthcare, Inc., a California corporation ("ASD-California"), AmerisourceBergen Specialty Group, Inc., a Delaware corporation ("ABSG-Delaware"), and Dale B. Danilewitz ("Danilewitz") (collectively "Defendants").  All facts herein are alleged on information and belief except those facts concerning the actions of FFF Enterprises.

### THE PARTIES

1.     On Christmas Eve of 2013, Defendant ABSG-Delaware sued Plaintiff FFF Enterprises in the United States District Court for the Eastern District of Texas, in a civil action captioned *AmerisourceBergen Specialty Group, Inc. v. FFF Enterprises, Inc.*, Civil Action No. 4:13-cv-00755-RAS ("the Eastern District of Texas Action"), alleging infringement of U.S. Patent No. 8,285,607, entitled "System and Method for Pharmaceutical Management and Tracking" ("the '607 Patent"), based on Plaintiff's activities in California and elsewhere.   A copy of ABSG-Delaware's Original Complaint for Patent Infringement against FFF Enterprises in the Eastern District of Texas Action is attached hereto as Exhibit 1.

2.     Plaintiff FFF Enterprises is a California corporation with its principal place of business in Temecula, California.

3.     Defendant ASD-California is a California corporation with its principal place of business in Frisco, Texas.   ASD-California has existed as a California corporation since at least March, 1998.  On information and belief, ASD-California did business as "AmerisourceBergen Specialty Group" between at least February, 2003 and February, 2013.   ASD-California is a subsidiary of AmerisourceBergen Corporation ("ABC").   ASD-California can be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017.

1

4.     Defendant ABSG-Delaware is a Delaware corporation with its principal place of business in Frisco, Texas.  ABSG was incorporated in Delaware in March, 2009.  ABSG is a subsidiary of ABC.  ABSG-Delaware can be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5.     Defendant Danilewitz is an individual who, upon information and belief, resides in Haverford, Pennsylvania.  Since 2012, Danilewitz has been, or has held himself out to be, an officer of ABC, serving as Senior Vice President and Chief Information Officer of ABC.  Between 1999 and 2012, Danilewitz was, or held himself out to be, an officer of ASD-California and/or "AmerisourceBergen Specialty Group," an assumed name registered to ASD-California in the State of Texas, serving as Vice President of Information Technology and Chief Information Officer of ASD-California and/or "AmerisourceBergen Specialty Group."  Danilewitz can be served with process in Haverford, PA.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction under at least 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

7.     The Court has personal jurisdiction over Defendants.

8.     The Court has personal jurisdiction over ASD-California at least because ASD-California is a California corporation that, upon information and belief, has done business in the State of California.  In addition, ASD-California may own the '607 Patent, which it knew or should have known would be asserted against FFF Enterprises, a California corporation with its principal place of business in the State of California.

9.     The Court has personal jurisdiction over ABSG-Delaware at least because ABSG-Delaware has asserted the '607 Patent against FFF Enterprises, knowing that FFF Enterprises was a California corporation with its principal place of business in the State of California, and that the instrumentalities accused of infringing the '607 Patent were primarily developed in, and primarily administered from, the State of California.

Further, in connection with the Eastern District of Texas Action, ABSG-Delaware has subpoenaed MEPS Real-Time, Inc., a Delaware corporation with its principal place of business in the State of California.  In addition, upon information and belief, ABSG-Delaware has done business in the State of California.

10.     The Court has personal jurisdiction over Danilewitz because, for over a decade, including times during which he allegedly conceived of the invention claimed in the '607 Patent, he was involved in the development and marketing of products allegedly embodying the '607 Patent, such as the Cubixx product, and because he may have intended to assign his rights in the '607 Patent to a California corporation (i.e., ASD-California).  In addition, as set forth above, Danilewitz was, or has held himself out as, an officer of ASD-California, a California corporation (and/or of "AmerisourceBergen Specialty Group," an assumed name registered in the State of Texas to ASD-California), that, upon information and belief, has done business in the State of California.   In addition, on information and belief, in researching and developing the subject matter disclosed and/or claimed in the '607 Patent, Danilewitz worked with one or more third party individuals and companies that reside or have places of business in California.  In addition, Danilewitz is the named inventor on the '607 Patent and may own the '607 Patent, which he knew or should have known would be asserted against FFF Enterprises, a California corporation with its principal place of business in the State of California.

11.     Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.  Substantial activities relating to the development and administration of the instrumentalities accused of infringing the '607 Patent have occurred in this judicial district, and FFF Enterprises is accused of having committed acts of patent infringement in this judicial district.  As set forth above, Defendants are subject to personal jurisdiction in this judicial district.

## **CLAIM I: DECLARATION OF PATENT OWNERSHIP**

12.    FFF Enterprises re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

*A.    ABSG-Delaware Alleges in Public Filings that It Owns the '607 Patent.*

13.    ABSG-Delaware has represented several times in the Eastern District of Texas Action that it is a Delaware corporation and that it owns the '607 Patent.  For example, in its Complaint in the Eastern District of Texas Action, ABSG-Delaware alleged that "Plaintiff AmerisourceBergen Specialty Group, Inc. ('ABSG') is a Delaware corporation with its principal place of business in Frisco, Texas."  (Eastern District of Texas Action, Dkt. No. 1 ¶ 1, Ex. 1.)  ABSG-Delaware also alleged in that same complaint that "ABSG [i.e., ABSG-Delaware] is the current assignee of the '607 Patent." (*Id.* ¶ 8.)  Similarly, in its Corporate Disclosure Statement filed in the Eastern District of Texas Action, ABSG-Delaware stated that "[t]he persons interested in the outcome of this case are AmerisourceBergen Specialty Group, Inc. and FFF Enterprises, Inc." (Eastern District of Texas Action, Dkt. No. 2 ¶ 3, Ex. 2.)

*B.    The File History of the '607 Patent Repeatedly States that "ASD Specialty Healthcare, Inc. d/b/a AmerisourceBergen Specialty Group" – and NOT ABSG-Delaware – Owns the '607 Patent.*

14.    At no point in the file history of the '607 Patent is ABSG-Delaware ever identified as the owner.  To the contrary, the file history shows that the entity who applied for the '607 Patent believed that the owner was ASD-California.  Multiple entries in the file history support this conclusion.  First, the original patent application filed with the United States Patent and Trademark Office ("USPTO") on December 1, 2006, identified ASD-California as the owner on the front of that document:

Assignee:
ASD SPECIALTY HEALTHCARE, INC.
D/B/A AMERISOURCEBERGEN SPECIALTY
GROUP
4006 Beltline Road
Suite 115
Addison, Texas 75001

4

1   (Ex. 3 at ABSG_000004.)

2        15.   On December 29, 2006, the USPTO mailed a filing receipt indicating that

3   it had received the '832 Application and that ASD-California was the owner thereof:

> **Assignment for Published Patent Application**
>
> ASD SPECIALTY HEALTHCARE, INC. D/B/A
> AMERISOURCEBERGEN SPECIALTY GROUP, Addison, TX

7   (*Id.* at ABSG_000039.)   The filing receipt specifically instructed the applicant to

8   "[p]lease verify the accuracy of the data presented on this receipt" and "please submit

9   any corrections." (*Id.*)  In response, the applicant submitted certain items that had been

10   missing from the original application (*id.* at ABSG_000082) but made no effort to

11   correct the assignment information.

12        16.   On March 20, 2007, the USPTO mailed an updated filing receipt again

13   indicating that ASD-California was the owner, in the same way as above, and again

14   instructing the applicant to check the accuracy of the assignment information and to

15   make any necessary corrections. (*Id.* at ABSG_000089.)  The applicant again did not

16   submit any corrections.

17        17.   On June 28, 2007, the USPTO published the '832 Application.  It too

18   identified ASD-California as the owner:

> Assignee:   ASD SPECIALTY HEALTHCARE,
> INC. D/B/A AMERISOURCEBER-
> GEN SPECIALTY GROUP, Addison, TX

21   (Ex. 4.)   The USPTO notified the applicant of the publication.   (Ex. 3 at

22   ABSG_000095.)  The applicant again made no effort to notify the USPTO that there

23   had been some sort of mistake as to the assignment information.

24        18.   In January 2010, the applicant submitted an appeal brief to the USPTO's

25   Board of Patent Appeals and Interferences ("the Board"), in connection with the appeal

26   of the final rejection of all then-pending claims in the '832 Application.  The appeal

27   brief again identifies ASD-California as the assignee:

28

> **Real Party in Interest**
> The real party for this appeal is the assignee of this application,
> ASD SPECIALTY HEALTHCARE, INC., D/B/A
> AMERISOURCEBERGEN SPECIALTY GROUP.

(*Id.* at ABSG_000210.)

19.     After the Board ruled on the appeal and reversed the examiner's earlier rejection of two of the eighteen then-pending patent claims, the examiner allowed those two patent claims, which later became claims 1 and 2 of the '607 Patent.  When paying the patent issuance fee in September, 2012, the applicant filed a fee transmittal form instructing the USPTO to print the assumed name of ASD-California on the face of the about-to-issue '607 Patent:

> (A) NAME OF ASSIGNEE:
> AMERISOURCEBERGEN SPECIALTY GROUP
>
> (B) RESIDENCE: (CITY and STATE OR COUNTRY)
> FRISCO, TEXAS

(*Id.* at ABSG_000295.)  In accordance with the applicant's instructions, the '607 Patent then issued on October 9, 2012, bearing the assumed name of ASD-California:

> Assignee:    Amerisourcebergen Specialty Group,
>              Frisco, TX (US)

(Eastern District of Texas Action, Dkt No. 1-1, Ex. 1 at 18.)

C.      *The Danilewitz Assignment Does Not Make ABSG-Delaware the Owner.*

20.     The file history for the '607 Patent does not contain any assignments for the '607 Patent, and instead only contains indications of what an assignment might say.

21.     The only assignment on file with the USPTO for the '607 Patent is an assignment that purported to transfer ownership from Dale Danilewitz, the named inventor, to "AmeriSourceBergen Specialty Group, a corporation of the State of Texas." (Ex. 5, "the Danilewitz Assignment.")  The Danilewitz Assignment is dated February 14, 2007, and purports to transfer rights from Dale Danilewitz, the named inventor of the '607 Patent, to the following entity:

1

2

AmeriSourceBergen Specialty Group, a corporation of the State of Texas, having a place of business at 4006 Beltline Road, Suite 115, Addision [sic], Texas 75001 (hereinafter referred to as 'ASSIGNEE').

3

4

5

6

(*Id.* at 67.)  The form submitted to the USPTO enclosing the Danilewitz Assignment for recordation with the USPTO similarly indicates that the assignee of the '607 Patent was "AmeriSourceBergen Specialty Group" of Addison, Texas.  (*Id.* at 66.)

7

8

D.    *Secretary of State Records Show that ABSG-Delaware Did Not Exist When the Danilewitz Assignment Was Executed, and that "AmerisourceBergen Specialty Group" is an Assumed Name of ASD-California.*

9

10

22.    As of February 14, 2007, when the Danilewitz Assignment was executed:

- ABSG-Delaware did not exist.  (*See* Exs. 6, 7.)

11

12

- ASD-California was an active California corporation.  (Ex. 8.)

13

- "AmerisourceBergen Specialty Group" was an assumed name, registered in the state of Texas, of ASD-California.  (Ex. 9.)

14

15

16

17

- There was not, and had never been, any Texas corporation named "AmeriSourceBergen Specialty Group" or, for that matter, "AmerisourceBergen Specialty Group," with or without corporate identifiers. (Ex. 10.)

18

19

20

23.    On March 5, 2009, ABSG-Delaware was formed in Delaware.  (Exs. 6, 7.)  On February 24, 2013, ASD-California's assumed name registration for "AmerisourceBergen Specialty Group" expired.  (Exs. 9, 11.)

21

24.    As of the present day:

22

23

- ABSG-Delaware is an active Delaware corporation.  (Ex. 6.)

24

- ASD-California remains an active California corporation.  (Ex. 8.)

25

26

- There still has never been any Texas corporation named "AmeriSourceBergen Specialty Group" with or without corporate identifiers. (Ex. 10.)

27

28

E.     *"AmerisourceBergen Specialty Group" was an Assumed Name and Danilewitz Regarded Himself as an Employee of an Entity Doing Business as "AmerisourceBergen Specialty Group."*

25.     AmerisourceBergen Corporation's Securities and Exchange Commission ("SEC") filings confirm that "AmerisourceBergen Specialty Group" was a well-known assumed name used by certain of its subsidiaries.  For example, AmerisourceBergen Corporation's Form 10-K Annual Report, filed with the SEC on November 28, 2007, and spanning the time period during which the Danilewitz Assignment was executed, explains that "AmerisourceBergen Specialty Group" was the assumed name of an operating division consisting of multiple operating companies, such as ASD-California:

> The Pharmaceutical Distribution reportable segment is comprised of three operating segments, which include the operations of … the AmerisourceBergen Specialty Group ("ABSG") ….  ABSG, through a number of individual operating businesses, provides distribution and other services primarily to physicians who specialize in a variety of disease states ….

(Ex. 12 at 27.)

26.     In addition, when the Danilewitz Assignment was executed, Danilewitz considered himself an employee of the "AmerisourceBergen Specialty Group" operating division.  For instance, Danilewitz's biography on the AmerisourceBergen Corporation website explains:

> Dale Danilewitz is Senior Vice President and Chief Information Officer of AmerisourceBergen.  Prior to being named to his current role in 2012, he was Chief Information Officer of AmerisourceBergen Specialty Group. Dale joined the company in 1999 as Vice President of Information Technology.

(Ex. 13.)  This indicates that Danilewitz might have tried to assign his patent rights to that entity.

27.     Accordingly, for at least the above reasons, ABSG does not own, and has never owned, the '607 Patent.

1

2

*F.   There is an Actual Controversy Regarding the Ownership of the '607 Patent, and FFF Enterprises Requests a Judicial Determination as to the Ownership of the '607 Patent.*

3      28.    The Danilewitz Assignment is ineffective by purporting to assign his

4    rights in the '607 Patent to an entity that did not exist ("AmeriSourceBergen Specialty

5    Group, a corporation of the State of Texas").   Alternatively, under the Danilewitz

6    Assignment, Danilewitz assigned his rights to ASD-California, which as of February

7    14, 2007, was doing business as AmerisourceBergen Specialty Group.  Alternatively,

8    Danilewitz retained legal ownership of the '607 Patent.

9      29.    In the Eastern District of Texas Action, ABSG-Delaware has alleged that

10   "ABSG [i.e., ABSG-Delaware] is the current assignee of the '607 Patent," and that

11   "Defendant [i.e., FFF Enterprises] is … liable for infringement of the '607 Patent

12   pursuant to 35 U.S.C. § 271."  (Eastern District of Texas Action, Dkt. No. 1 ¶¶ 8, 13,

13   Ex. 1; *see also id.* ¶¶ 11-12, 14-15.)  As a result of these allegations made in the Eastern

14   District of Texas Action, in combination with the issues regarding the ownership of the

15   '607 Patent involving Defendants, and in light of the totality of the circumstances, there

16   is a sufficiently immediate, real, and substantial controversy between FFF Enterprises

17   and Defendants regarding the ownership of the '607 Patent.

18      30.    An actual case and controversy exists between FFF Enterprises, ASD-

19   California, ABSG-Delaware, and Danilewitz regarding the ownership of the '607

20   Patent.

21      31.    Accordingly, FFF Enterprises requests a judicial determination regarding

22   the ownership of the '607 Patent as between Defendants, including but not limited to a

23   determination that ABSG-Delaware has never owned the '607 Patent, that Defendants

24   knew or should have known ABSG-Delaware did not own the '607 Patent when

25   ABSG-Delaware filed the Eastern District of Texas Action against FFF Enterprises,

26   and that ABSG-Delaware has no right to assert the '607 Patent against FFF Enterprises.

27

28

**CLAIM II: DECLARATION OF NO PATENT INFRINGEMENT**

32.    FFF Enterprises re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

33.    In the Eastern District of Texas Action, ABSG-Delaware has alleged that "ABSG [i.e., ABSG-Delaware] is the current assignee of the '607 Patent," and that "Defendant [i.e., FFF Enterprises] is … liable for infringement of the '607 Patent pursuant to 35 U.S.C. § 271." (Eastern District of Texas Action, Dkt. No. 1 ¶¶ 8, 13, Ex. 1; *see also id.* ¶¶ 11-12, 14-15.)  As a result of these allegations made in the Eastern District of Texas Action, in combination with the issues regarding the ownership of the '607 Patent involving Defendants, and in light of the totality of the circumstances, there is a sufficiently immediate, real, and substantial controversy between FFF Enterprises and Defendants related to patent non-infringement.

34.    FFF Enterprises does not infringe and has not infringed, under any theory of infringement (including directly or indirectly), any claim of the '607 Patent.

35.    Accordingly, FFF Enterprises requests a judicial determination that FFF Enterprises does not infringe and has not infringed, under any theory of infringement (including directly or indirectly), any claim of the '607 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, FFF Enterprises respectfully requests that the Court enter judgment in favor of FFF Enterprises and against Defendants on the foregoing and enter a judgment granting the following relief:

A.    a declaration by the Court regarding the ownership of the '607 Patent as between Defendants, including but not limited to a determination that ABSG-Delaware has never owned the '607 Patent, that Defendants knew or should have known that ABSG-Delaware did not own the '607 Patent when ABSG-Delaware filed the Eastern District of Texas Action against FFF Enterprises, and that ABSG-Delaware has no right to assert the '607 Patent against FFF Enterprises;

B.     a declaration by the Court that FFF Enterprises does not infringe and has not infringed, under any theory of infringement (including directly or indirectly), any claim of the '607 Patent;

C.     a permanent injunction restraining Defendants, and their officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from charging, threatening, or stating, orally or in writing, that the '607 Patent has been infringed by FFF Enterprises;

D.     an award to FFF Enterprises of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285 or in accordance with state law); and

E.     an award to FFF Enterprises of any such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

FFF Enterprises requests trial by jury on all issues so triable.

Dated:  October 10, 2014          **FISH & RICHARDSON P.C.**

By: */s/ Olga I. May*
Olga May (SBN 232012)
omay@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-4745
Facsimile:  (858) 678-5099

Attorney for Plaintiff FFF ENTERPRISES, INC.

11